**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

PAULA STENLUND
436 Mobray Beach
Norfolk, Virginia 23507,                              Civil Action No. 14-cv-1544

       Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.
Serve On Resident Agent:
Corporate Creations Network Inc.
2 Wisconsin Circle, #700
Chevy Chase, MD 20815,

       Defendant.

_____/

**<u>COMPLAINT AND JURY DEMAND</u>**

    Now comes the plaintiff and by her undersigned counsel brings this action against the defendant and states:

    1.     The plaintiff, Paula Stenlund ("Ms. Stenlund" or the "Plaintiff"), brings this action for negligence and resulting personal injury against the defendant Marriott International, Inc. ("Marriott" or the "Defendant").

    2.     Ms. Stenlund is an adult citizen and resident of the Commonwealth of Virginia.

    3.     Defendant Marriott is a corporation organized and existing under the laws of Delaware, with its principal place of business in Bethesda, Montgomery County, Maryland.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction by reason of diversity of citizenship, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  *See* 28 U.S.C. § 1332(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the Defendant corporation has its principal place of business in this District.

**FACTS COMMON TO ALL COUNTS**

6.      The Defendant is a worldwide operator, licensor, or franchisor of over 3,000 properties, hotels and resorts in 72 different countries.

7.      The Defendant was at all times material hereto the owner, operator, licensor, and/or franchisor of the Marriott Panama Casino Hotel in Panama City, Panama.

8.      At the time her injuries were sustained, the Plaintiff was a guest of the Marriott Panama Casino Hotel in Panama City, Panama and was injured at the Royal Casino at the Marriott.

9.      The Royal Casino at the Marriott adjoins and occupies the same parcel of land as the Marriott Panama Casino Hotel.  The combined parcel of land is owned by Hotel Properties of Panama, Inc. ("HOPROPA") of which Marriott International Services, Ltd., a wholly owned subsidiary of Defendant, is an authorized agent.

10.     Marriott has a longstanding association with HOPROPA and its affiliated companies, which association includes entry into management agreements whereby HOPROPA owns properties which are managed by Marriott.

11.     Marriott and HOPROPA and/or their subsidiaries and affiliates agreed to develop and/or operate the Marriott Panama Casino Hotel and the Royal Casino at the Marriott on the same property as

part of a common or joint venture, with the understanding that the respective businesses would be cross-marketed and would be part of a mixed-use project.

12.     Marriott publicly markets its association with the Royal Casino at the Marriott, and the dual and joint use of the property.   The following are examples of this public marketing of, and the existence of, the close affiliation of the Royal Casino at the Marriott and Marriott:

    a.   Marriott maintains a website on which it describes the subject hotel as the "Marriott Panama Casino Hotel;"

    b.   Marriott maintains a website promoting the Royal Casino at the Marriott as being "on-site" at the Marriott Panama Casino Hotel;

    c.   Marriott maintains a website promoting the Marriott Panama Casino Hotel as offering "on-site gaming;"

    d.   Marriott maintains a website on which it lists a "[g]aming casino" as one of its onsite "SERVICES & AMENITIES;"

    e.   Marriott describes in its press-releases that the Marriott Panama Casino Hotel has an "onsite spa and casino" offering "guests ample opportunities for relaxation and entertainment;"

    f.   Marriott described in at least one of its press releases relating to a new "mixed-use project" that it is "thrilled … to be expanding [its] long relationship with Hotel Properties of Panama, which … owns the" Marriott Panama Casino Hotel.

    g.   Upon information and belief, the Marriott Panama Casino Hotel offers literature onsite inviting guests to avail themselves of the Royal Casino at the Marriott which shares a

common property and is similarly part of a "mixed-use project" that includes the Hotel and Casino; and

h. Upon information and belief, the Marriott Panama Casino Hotel routinely invites its guests upon check-in to avail themselves of the Royal Casino at the Marriott which shares a common property and is part of a "mixed-use project" that includes the Hotel and Casino.

i. The 'naming' of the two parts of the venture, the ***Royal Casino at the Marriott*** and the ***Marriott Panama Casino Hotel***, which creates the clear and intended impression that they are one and the same entity.

13.     The Marriott does not alert its guests to any dangerous conditions at the Royal Casino at the Marriott, nor does it alert its guests that Marriott intends to and routinely does deny any liability for injuries occurring to its guests at the Royal Casino at the Marriott.

14.     On or about February 11, 2011 Ms. Stenlund and her husband checked into the Marriott Panama Casino Hotel in Panama City, Panama.

15.     Before and during her travel to Panama, Ms. Stenlund reviewed Marriott marketing materials promoting the "on-site" casino at the Marriott Panama Casino Hotel.

16.     Ms. Stenlund received no warning at any time from Marriott about the safety of the Marriott Panama Casino Hotel or the Royal Casino at the Marriott.

17.     On the evening of February 13, 2011, the Plaintiff was at the Royal Casino at the Marriott, having followed the Marriott Panama Casino Hotel's recommendations and marketing materials promoting the cross-patronage of Hotel guests.

18.     On that same evening, Ms. Stenlund was following an employee of the Royal Casino at the Marriott, at the employee's instruction, to locate the place where she could cash in her winnings of US$17.00.

19.     The route involved a set of stairs, and Ms. Stenlund descended the stairs while holding onto the stair railing.

20.     Unknown to Ms. Stenlund was the fact that an electrical cord had been carelessly draped across the stairs, from the railing to a lighted display at the top of the staircase, such that the cord spanned a portion of the staircase.

21.     Ms. Stenlund tripped over the electrical cord and fell forward, violently striking her head, face, and knees.

22.     The Royal Casino at the Marriott made no effort whatsoever to care for Ms. Stenlund after her fall.

23.     The same evening Ms. Stenlund fell, the Marriott Panama Casino Hotel's night manager took pictures of some of Ms. Stenlund's injuries, and advised Ms. Stenlund that she would make a full report.

24.     Even after taking pictures of Ms. Stenlund's severe injuries, the Marriott Panama Casino Hotel's personnel failed to provide prompt medical care or reasonable referral and transport to a local hospital.   Instead, Marriott waited until the next day to send a doctor, or one who was held out by Marriott to be a doctor, to Ms. Stenlund's hotel room.   This "doctor" provided no substantial care to Ms. Stenlund, but recognized the severity of Ms. Stenlund's injuries and referred her to a local hospital. Marriott arranged for Ms. Stenlund's transport to a local hospital only after Ms. Stenlund had been left

unattended by qualified medical personnel for almost a full day.

25.     Ms. Stenlund returned to the United States on February 15, 2011, and from that day to present she continues to receive evaluation and treatment from medical professionals for the injuries she sustained as a result of this fall.

26.     Ms. Stenlund's injuries as a result of this fall include a basal skull fracture, a cerebrospinal fluid leak, a broken nose, a deviated septum with cartilage damage, a broken tooth, a stellate left patella fracture, injury to the tendons and ligaments of both knees, medial bruising of the left femur, and injury to the right temporomandibular joint.

## COUNT I

### NEGLIGENCE – Direct Liability

27.     Incorporated by reference as if repeated here are all allegations set forth in paragraphs 1 through 26 above.

28.     The Marriott Panama Casino Hotel owed a duty to its guests, including Ms. Stenlund, to monitor the conditions at the adjoining Royal Casino at the Marriott which was being recommended by the Defendant to its guests and which was part of a mixed-use project and/or joint venture.

29.     Marriott owed a duty to Ms. Stenlund to ensure her safety, including while Ms. Stenlund was a guest at the Marriott Panama Casino Hotel and patron at the Royal Casino at the Marriott, particularly when she was a patron at the Casino upon the recommendation of the Marriott.

30.     Marriott owed a duty to its guests, including Ms. Stenlund, to avoid or remedy unsafe conditions at the Marriott Panama Casino Hotel and the Royal Casino at the Marriott.

31.     Marriott owed a duty to Ms. Stenlund to provide and/or arrange for prompt and

6

appropriate medical care for her injuries.

32.     Marriott owed a duty to its guests, including Ms. Stenlund, to adequately train and supervise employees to avoid, detect, and remedy any unsafe conditions, and to attend to injured guests, at the Marriott Panama Casino Hotel and Royal Casino at the Marriott.

33.     Marriott owed a duty to its guests, including Ms. Stenlund, to adequately train the employees of, supervise the operations of, and provide guidance to its subsidiaries, including Marriott International Services, Ltd. ("Marriott Services"), to avoid, detect, and remedy any unsafe conditions, and to attend to injured guests, at the Marriott Panama Casino Hotel and Royal Casino at the Marriott.

34.     Marriott owed a duty to its guests, including Ms. Stenlund, to refrain from marketing or promoting the Royal Casino at the Marriott and/or the Marriott Panama Casino Hotel once Marriott became aware or should have become aware with reasonable diligence that dangerous conditions existed or were likely to have existed at the Royal Casino at the Marriott, the Marriott Panama Casino Hotel, or on the jointly used property.

35.     Marriott owed a duty to its guests, including Ms. Stenlund, to provide adequate warnings once Marriott became aware or should have become aware through reasonable diligence that dangerous conditions existed or were likely to have existed at the Royal Casino at the Marriott, the Marriott Panama Casino Hotel, or on the jointly used property.

36.     Marriott breached each of its duties owed to Ms. Stenlund, as manifested by the following:

     a.   the existence of and failure to remedy the dangerous conditions on the stairway;

     b.   Marriott's failure to warn even after reasonable diligence would have revealed the

7

dangerous conditions;

c.  Marriott's failure to care for Ms. Stenlund promptly and adequately after she sustained her injuries;

d.  Marriott's provision, at the Marriott Panama Casino Hotel, of delayed, inadequate, ineffective, and substandard medical care to Ms. Stenlund, through a person retained and sent by Marriott to treat her while lacking the expertise, skill, medical equipment, and facilities to do so properly;

e.  Marriott's failure to call promptly for an ambulance or to otherwise arrange promptly for Ms. Stenlund's transport to a hospital; and

f.  Marriott's continued marketing and promotion of the Royal Casino at the Marriott and the Marriott Panama Casino Hotel as a hazard-free dual-use property after reasonable diligence would have revealed the dangerous conditions.

37.  As the direct and proximate result of Defendant's independent and multiple breaches of its duties owed to the Plaintiff, the Plaintiff sustained severe and permanent injuries, and those injuries and Ms. Stenlund's pain and suffering were exacerbated.

Wherefore, the Plaintiff demands judgment against the Defendant for her injuries, her pain and suffering, her partial and permanent disability, her disfigurement, and her medical expenses, all in an amount to be proven at trial but no less than US$1,250,000.

## COUNT II

### NEGLIGENCE – Vicarious Liability

38.  Incorporated by reference as if repeated here are all allegations set forth in paragraphs 1

through 37 above.

39.     The liability of the Royal Casino at the Marriott for placing a trip wire in a pathway traversed by guests is obvious, clearly a breach of its duties of due care and arises as *res ipsa loquitur* culpability.

40.     The Defendant is vicariously liable for the negligence of the Royal Casino at the Marriott by virtue of, *inter alia*, the following:

   a. The partnership and/or joint venture entered into by the Defendant and the Royal Casino at the Marriott concerning the Casino and the Marriott Panama Casino Hotel;

   b. Joint and/or cross-marketing between the Marriott Panama Casino Hotel and the Royal Casino at the Marriott, promoting the dual-use of the property as a Marriott hotel property with on-site gaming;

   c. Recommendations and urging by the Defendant that the Plaintiff avail herself of the services of the adjacent Royal Casino at the Marriott;

   d. The expectations by the Plaintiff that the Royal Casino at the Marriott was indeed part of the Marriott Panama Casino Hotel and safe;

   e. The Defendant's holding itself out as part of or partner to the Royal Casino at the Marriott; and

   f.  The Defendant's negligence in the provision of care after the Plaintiff sustained her injuries at the Royal Casino at the Marriott.

41.     As a direct and proximate result of the Royal Casino at the Marriott's and/or Marriott Services' negligence, for which the Defendant is vicariously liable, the Plaintiff sustained severe and

permanent injuries, and those injuries and Ms. Stenlund's pain and suffering were exacerbated.

Wherefore, the Plaintiff demands judgment against the Defendant for her injuries, her pain and suffering, her partial and permanent disability, her disfigurement, and her medical expenses, all in an amount to be proven at trial but no less than US$1,250,000.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial as to all issues raised herein triable by a jury.

Respectfully submitted,

/s/ Read K. McCaffrey
Read K. McCaffrey (Md. Fed. Bar #00146)
Patton Boggs LLP
2550 M St., NW
Washington, DC 20037-1350
Telephone: 202-457-6000
Facsimile: 202-457-6315
Email: rmccaffrey@pattonboggs.com